UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BURTELL THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3175** |
| **WARDEN DARRYL VANNOY** | **SECTION "T"(2)** |

**O R D E R**

Petitioner Burtell Thomas filed a Motion to Stay and Abey (ECF No. 5) to stay his federal habeas corpus proceeding pending exhaustion of state court review of his currently stayed and successive state court application for post-conviction relief which in part challenges the non-unanimous verdict in his state criminal conviction.[1]  ECF 5-1, at 3.  Thomas asserts that the Orleans Parish Criminal District Court stayed his application to await the United States Supreme Court's ruling on the retroactivity of its holding that Louisiana's rule allowing non-unanimous jury verdicts was unconstitutional.[2]  Thomas seeks the stay of his federal habeas proceedings to allow him to complete exhaustion of state court review.  The State has notified the court that it does not oppose the granting of a stay.  ECF No. 8.

The Supreme Court has held that a federal district court may stay federal habeas corpus proceedings to allow a petitioner to present unexhausted claims to the state courts before completing federal review.[3]  The Court also has permitted the filing of protective federal habeas corpus petitions and accompanying motions to stay for a petitioner to preserve the availability of federal review after exhaustion.[4]

---

[1] The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and L.R. 73.2.
[2] *See Edwards v. Vannoy*, 140 S. Ct. 2737 (2020) (granting certiorari to consider retroactivity of *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020)).
[3] *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).
[4] *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).

The United States Supreme Court's opinion in *Edwards* will in part resolve some of Thomas's pending claims in, and perhaps the successiveness and timeliness of, his stayed state post-conviction application. I also find that the Supreme Court's ruling and complete exhaustion will contribute greatly to resolving the timeliness, procedural propriety, and/or substance of Thomas's claims in this federal petition. The State has not yet had the opportunity to file a response to Thomas's federal petition, and a stay at this time will not prejudice the State's ability to asserts defenses and opposing arguments at a later time. Based on the foregoing, I find good cause to stay this matter pending complete exhaustion of state court review.[5] Accordingly,

**IT IS ORDERED** that Thomas's Motion to Stay and Abey (ECF No. 5) is **GRANTED** and consideration of Thomas's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **STAYED**. The clerk of court is directed to **CLOSE** this case for administrative and statistical purposes.

**IT IS FURTHER ORDERED** that either Thomas or the respondent through counsel of record may move to re-open this matter within sixty (60) days after Thomas's exhaustion of state court review of the claims asserted in his pending state court application for post-conviction relief.

New Orleans, Louisiana, this 8th day of December, 2020.

_____
**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] A magistrate judge has authority to *grant* a motion to stay when the order is not dispositive and merely suspends the proceedings without an absolute denial of ultimate relief. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (holding that *grant*, as opposed to denial, of a stay is a non-dispositive pretrial matter under § 636(b) when it does not dispose of relief to the parties); *Virgin Islands Water and Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131 (3rd Cir. 2014) (addressing magistrate judge's authority to *grant* pretrial stay for arbitration); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (same). In addition, this motion for stay is not one excepted for referral in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any relief or claim within the meaning of FED. R. CIV. PROC. 72.